# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBY GENTHNER,<br><br>        Plaintiff,<br><br>    v.<br><br>JUDGE M. BRUCE SMITH, et al.,<br><br>        Defendants. | Case No.  1:16-cv-00301-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF Nos. 1, 2)<br><br>TWENTY DAY DEADLINE |

Debby Genthner ("Plaintiff"), proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 filed March 4, 2016.  Plaintiff also filed an application to proceed in forma pauperis.

**I.**

**SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted.  In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

1

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

## II.

## DISCUSSION

On September 12, 2014, Plaintiff filed an action in the Superior Court of Fresno County. (ECF No. 1 at 23-41.) On November 20, 2014, Judge Smith filed an order finding Plaintiff to be a vexatious litigant. (Id. at 50-52.) Plaintiff did not post the bond as required by the November 20, 2014 order so on January 14, 2015, Judge Kapetan dismissed Plaintiff's complaint. (Id. at 147.) Plaintiff brings this action against Judge Smith and Judge Kapetan alleging violations of the Fourth, Seventh, and Fourteenth Amendments, the California Constitution and the California Penal Code. (Id. at 4.)

### A.     Judicial Officers Are Entitled to Absolute Judicial Immunity

Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)). This judicial immunity insulates judges from suits brought under section 1983. Olsen, 363 F.3d at 932.

Absolute judicial immunity insulates the judge from actions for damages due to judicial acts taken within the jurisdiction of the judge's court. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and

1 however injurious in its consequences it may have proved to the plaintiff.' " Id. (quoting
2 Cleavinger v. Saxner, 474 U.S. 193 (1985)).  However a judge is not immune where he acts in
3 the clear absence of jurisdiction or for acts that are not judicial in nature.  Ashelman, 793 F.2d at
4 1075.  Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted
5 with clear lack of all subject matter jurisdiction."  Stone v. Baum, 409 F. Supp. 2d 1164, 1174
6 (D. Ariz. 2005).

7      To determine if an act is judicial in nature, the court considers whether (1) the precise act
8 is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy
9 centered around a case then pending before the judge; and (4) the events at issue arose directly
10 and immediately out of a confrontation with the judge in his or her official capacity.  Duvall v.
11 Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11,
12 2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir.1999)).

13      Here, the acts for which Plaintiff seeks to hold Judge Smith and Judge Kapetan liable
14 clearly meet the test for judicial action taken within their jurisdiction.  Plaintiff's case was
15 pending before Judge Smith who deemed her to be a vexatious litigant.  This is a normal judicial
16 function which was taken in court and centered around the case that was then pending before
17 Judge Smith.  The order arose directly and immediately out of the case pending before Judge
18 Smith in his official capacity.

19      Similarly, when the matter was set for hearing before Judge Kapetan, she determined that
20 Plaintiff had not complied with the order requiring her to post a bond.  Since Plaintiff had not
21 posted the bond, the matter was dismissed.  Judge Kapetan was acting in her judicial capacity in
22 response to Plaintiff's failure to comply with a prior order of the court.

23      Both Judge Smith and Judge Kapetan are entitled to absolute judicial immunity for the
24 acts upon with this complaint is brought.  Because the acts which Plaintiff contends violated her
25 civil rights are so clearly judicial acts for which the judges are entitled to absolute judicial
26 immunity, the Court finds that this action is frivolous.  See Stone, 409 F. Supp. 2d at 1174
27 (finding claims against judges acting within the scope of a judicial proceeding to be frivolous as
28 a matter of law).  The Court recommends that this action be dismissed as frivolous and for failure

to state a cognizable claim.

### B. Court Cannot Grant Relief Sought

Further, this Court does not cannot grant the non-monetary relief that Plaintiff is seeking in this action. Plaintiff wants Judge Smith and Judge Kapetan removed from the bench and criminally prosecuted for the actions taken in her case and to have a warrant issue for the arrest of Robert Hedrick.

#### 1. Court Cannot Initiate a Criminal Prosecution

The Constitution delegates powers of the Federal Government into three defined categories: the Legislative Branch, the Executive Branch, and the Judicial Branch. Bowsher v. Synar, 478 U.S. 714, 721 (1986). It is the Executive Branch of the United States that has exclusive authority and absolute discretion to decide whether to prosecute a case. United States v. Nixon, 418 U.S. 683, 693 (1974). As the Judicial Branch, this Court does not have the power to criminally prosecute any individual or issue an order for the arrest of Mr. Hedrick.

#### 2. Federal Court Cannot Direct State Court to Remove Judges From Bench

Similarly, under our federal system of government the allocation of powers sets the responsibilities of the states and the federal government. Bond v. United States, 131 S.Ct. 2355, 2364 (2011). This allocation of powers "preserves the integrity, dignity, and residual sovereignty of the States." Id. "The federal balance is, in part, an end in itself, to ensure that States function as political entities in their own right." Id. Accordingly, the federal court does not have the authority to order the state court to remove judges from the bench.

#### 3. Injunctive Relief

Plaintiff also seeks a full investigation of the Fresno Police Department and into the corruption and coercion between the Fresno Police Department, Fresno County Superior Court, and the Fifth Appellate District Court; an order stopping Mr. Hedrick and unknown individuals from coming into her home and drugging, raping, and harming her while she sleeps; an order stopping Mr. Hedrick and the Fresno Police Department from doing surveillance on her and accessing her phone and computer; and for her rape kits to be tested and the information be sent to the District Attorney and Attorney General.

In this instance, Plaintiff is seeking injunctive relief. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998).

Here, Plaintiff has not stated a case or controversy over which this Court has jurisdiction. Further, Plaintiff seeks an order for relief over individuals and entities that are not named as defendants in her complaint. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983). For these reasons, this Court lacks jurisdiction and a legal basis to grant the relief requested.

**C.    Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id.

In this instance, the Court finds that amendment of the complaint would be futile.

5

Accordingly, the Court recommends that the complaint be dismissed without leave to amend.

### D.  Application to Proceed In Forma Pauperis

Plaintiff has also filed an application to proceed without prepayment of fees in this action.  However, Plaintiff has failed to adequately complete the form.  Plaintiff indicated that she has cash or a checking or savings account, but did not indicate the total amount on the form.  Therefore, the Court is unable to determine if she is entitled to proceed in this action without prepayment of fees.  Plaintiff's application to proceed in forma pauperis should be denied.

### III.
### CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint, filed March 4, 2016, be DISMISSED without leave to amend for failure to state a claim; and

2. Plaintiff's application to proceed in forma pauperis be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty (20) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 10, 2016**

UNITED STATES MAGISTRATE JUDGE